IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JUSTIN A. SMITH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No.   7:21cv000523 |
| | ) |
| TOWN OF ROCKY MOUNT, VIRGINIA, | ) |
| **Serve: Robert J. Wood, Town Manager** | ) |
|     **345 Donald Avenue** | ) |
|     **Rocky Mount, Virginia 24151** | ) |
|     **(Franklin County)** | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT

Plaintiff Justin A. Smith, by counsel, files this complaint against defendant Town of Rocky Mount, Virginia (hereinafter, "defendant" or "the Town"), and as grounds therefore states as follows:

### STATEMENT OF THE CASE, JURISDICTION, VENUE, AND PARTIES

(1) This is a suit for retaliation authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.*, as amended.

(2) This Court has jurisdiction over the Title VII claim pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1343(a)(4).

(3) Plaintiff timely filed a charge of discrimination on June 25, 2020 with the Equal Employment Opportunity Commission (EEOC) and the Virginia Council on Human Rights; received a notice of right to sue dated August 16, 2021; and commenced this action within 90 days of receipt thereof.

(4) On information and belief, defendant is a municipality organized pursuant to the laws of the Commonwealth of Virginia, *see, e.g.*, Va. Code §15.2-104 (1950), as amended, doing business in the Western District of Virginia and elsewhere.

(5) At all times material hereto, defendant is and was a "person" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(a). At all times material hereto, defendant was an "employer" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(b), that is, at all times material hereto defendant was a person engaged in an industry affecting commerce which had fifteen or more employees for each working day in each of twenty or more calendar weeks during the years of plaintiff's employment or the preceding calendar year.

(6) At all times material hereto, defendant employed approximately 75 full-time and part-time individuals, approximately 31 of whom worked for the Town's Police Department (the "Department").

(7) Venue properly lies in the Roanoke division of the western district of Virginia in that all of the discriminatory acts alleged herein occurred in the western district of Virginia.

(8) Plaintiff at all times material hereto was a resident of the Commonwealth of Virginia and was an "employee" of the Town of Rocky Mount working as a police officer in the Police Department (plaintiff is not certain of the precise legal name of his employer).

## STATEMENT OF FACTS

(9) Plaintiff went to work for defendant as a police officer on or about January 3, 2017.

(10) At all times material hereto, the chief of police was Ken Criner.

(11)     During his employment, plaintiff learned that Criner had made terribly inappropriate and offensive comments concerning female employees and other women and in particular one of Criner's administrative assistants, who at the time was undergoing treatment for breast cancer, all of which over time created an extremely hostile work environment.

(12)     Some of the comments are included in charges of discrimination filed with the EEOC by administrative assistants Regina F. Stanley and Karry S. Hodges (Exhibits 1 and 2, respectively), and include the following,

   a.     In January 2019, Stanley was diagnosed with Invasive Ductal Carcinoma, Triple Negative Breast Cancer, Stage 2.  This is an extremely aggressive cancer which required numerous medical tests, doctor visits, chemotherapy, surgery, and radiation during the period January through August 2019.

   b.     While Stanley was working and undergoing chemotherapy, Criner stated to other employees in the police department that the "bitch [Stanley] is milking it."

   c.     When friends organized fundraisers to help Stanley with expenses, Criner told police department employees that insurance was paying for Stanley's doctors' bills, and that Stanley used the money raised to go on vacation, and that Stanley was abusing her sick leave.

   d.     This was not true.  To the contrary, Stanley was fighting for her life against the cancer and underwent major surgery to include a lumpectomy, breast reduction, and reconstruction.

   e.     Instead of supporting Stanley, Criner instead complained about Stanley's cancer to other police department employees and stated that "the bitch gets a little

bump on her titty and has to be out five weeks." Criner's comments were malicious and cruel.

f. Particularly in November and December 2019, Stanley was susceptible to viruses due to her weakened immune system and would occasionally cough at work. When she did so, Criner responded by spraying disinfectant spray in the hallway and directly at Stanley and stated to police department employees that "the bitch is barking like a seal." On or about May 19, 2020, Criner sprayed so much disinfectant spray that Stanley had to put on a face mask (pre-Covid) just to breathe.

g. Criner's comments created an extremely hostile work environment, and one sergeant pointedly told Criner, "give her a break, Chief, she has had cancer."

h. Criner also frequently made offensive comments concerning women and referred to Stanley and other women as "bitches" and "cunts."

i. Karry Hodges also worked as an administrative assistant in the police department. With respect to Hodges and Stanley, Criner stated to police department employees that if he could get rid of "the two bitches" in the police department, then he could "hire some hotties" to work there.

j. Criner also told police department employees that if either Hodges or Stanley was out, then he could "get that fine piece of ass Shelley (another female employee who worked for the Town) to come help out in the police department.

k. With respect to another female employee who worked for the Town, Criner stated, "that bitch never works" and frequently referred to women as "bitches."

l. One day when an attractive woman walked by a window in the police department, Criner looked at her and stated, "I would tap that."

(12)     Smith protested against and opposed Criner's inappropriate comments and made his opposition known to other police officers and town officials, including members of the town council and the town manager, and helped Stanley and Hodges file complaints with the Town and charges of discrimination with the EEOC.

(13)     When Criner suspected that Smith was responsible for the complaints, he immediately retaliated against Smith.

(14)     For example, on May 20, 2020, Criner issued a memo stating that all overtime would be put on hold (Smith worked at the time as an investigator and had to work as necessary to get the job done), resulting in a loss of income to Smith.

(15)     In addition, the Town sent a letter complaining about the cost of the investigation (the Town complained that it had to hire a local law firm, Woods Rogers, to do the investigation), which placed blame on Smith and other employees for causing the Town to have to do an investigation.

(16)     Then, an article concerning the chief's conduct ran in a local newspaper on May 30, 2020.  The town manager suspected that Smith was a source of information to the newspaper journalist.

(17)     Two days after the article ran, Criner demoted Smith and removed him as an investigator and reassigned him back to patrol.

(18)     And, to drive home Criner's animus, Criner's son posted a threat to Smith on social media and stated, "tell Justin [Smith] lies come back to haunt."

(19)     As a result of the harassment and retaliation, Smith left the police department on June 18, 2020.

(20)     But the retaliation did not end with Smith's resignation.

(21)     On June 14 and 28, 2021, based on information provided by the Police Department, Officer C.T. Bocock of the Virginia State Police obtained search warrants compelling production of Smith's Facebook (Exhibit 3) and Google (Exhibit 4) accounts because, according to the affidavits in support of the search warrants, a "Joe Stanley has made several posts to [F]acebook (Ex. 3, Attachment B and Google: Ex. 4, Attachment B) reflecting his disdain for the local government actions and the Rocky Mount Town Police Department."

(22)     On information and belief, defendant maintains that Smith provided to Stanley the information that led to the alleged posts.

(23)     What the Rocky Mount Police Department calls expressions of "disdain" for defendant's actions, the Supreme Court of the United States calls free speech, see, e.g., *Mahanoy Area Sch. Dist. v. B. L.*, 141 S. Ct. 2038, 210 L. Ed. 403, 2021 U. S. LEXIS 3395 (June 23, 2021), and the purpose of the search warrants was to chill the exercise of free speech.

(24)     Finally, after more than a year of inappropriate conduct, the Town finally forced Criner to retire as Chief of Police effective September 2, 2021.

(25)     Criner's resignation, however, came too late to help plaintiff.

(26)     Criner's harassment retaliation did not end with his resignation.

(27)     On Saturday, October 2, 2021, Criner drove his motorcycle past Smith's mother's house (Smith was outside on the porch at the time visiting his mother), looked at Smith, and made a rude or obscene gesture with his middle finger.

## **CLAIM FOR RETALIATION**

(28)     Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(29) Defendant retaliated against plaintiff for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended.

(30) As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer tangible employment actions, pecuniary loss, mental anguish, pain and suffering, shame, humiliation, embarrassment, loss of enjoyment of life and other non-pecuniary loss.

(31) Defendant acted willfully toward plaintiff with actual malice or with reckless disregard of the protected rights of plaintiff so as to support an award of punitive damages.

WHEREFORE, plaintiff Justin A. Smith demands judgment against defendant the Town of Rocky Mount, Virginia for injunctive and equitable relief, compensatory and punitive damages, together with pre-judgment interest and for costs and attorney's fees to the extent recoverable by law, and for such other and further relief as may be just and equitable.

Plaintiff demands trial by jury on all issues that may be tried before a jury, including arbitrability of any claim.

Respectfully Submitted,

JUSTIN A. SMITH

By: */s/ Terry N. Grimes*
Of Counsel

Terry N. Grimes, Esquire (VSB No. 24127)
TERRY N. GRIMES, ESQ., P.C.
Franklin Commons
320 Elm Avenue, SW
Roanoke, Virginia 24016-4001
(540) 982-3711
(540) 345-6572 *Facsimile*
tgrimes@terryngrimes.com
*Counsel for Plaintiff*