LAW OFFICE
# TERRY N. GRIMES, ESQ., P.C.
FRANKLIN COMMONS
320 ELM AVENUE, SW
ROANOKE, VA 24016-4002

**TERRY N. GRIMES, ESQUIRE**
*tgrimes@terryngrimes.com*

TELEPHONE: 540.982.3711
FACSIMILE: 540.345.6572

April 26, 2022

<u>*VIA E-FILE*</u>
The Honorable Michael F. Urbanski
United States District Court for the Western District of Virginia
210 Franklin Road, SW
Roanoke, Virginia 24011-2208

  Re: <u>***Justin A. Smith v. Town of Rocky Mount, Virginia***
    **Civil Action No. 7:21-CV-00523**</u>

Dear Judge Urbanski,

  I am writing to provide recent supplemental authority from the western district of Virginia (Hoppe, J.) which is instructive with respect to the privilege and waiver questions before the Court. The case is *Brown v. Town of Front Royal, Virginia*, 2022 U.S. Dist. LEXIS 59999, **15-19 (W.D. Va. March 31, 2022),

> The analysis is different, however, for Ms. Judkins's communications with the Town regarding the investigation of Brown's complaints of harassment and her claim of hostile work environment. *See* Compl. ¶¶ 93-99. A successful hostile work environment claim under Title VII requires establishing: "(1) unwelcome conduct; (2) that is based on the plaintiff's sex; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." <u>*Okoli v. Baltimore, 648 F.3d 216, 220 (4th Cir. 2011)*</u> (cleaned up). In such a claim, where the "harassing employee is the victim's co-worker, the employer is liable only if it was negligent in controlling working conditions." <u>*Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 278 (4th Cir. 2015)*</u> (quoting <u>*Vance v. Ball St. Univ., 570 U.S. 421, 424, 133 S. Ct. 2434, 186 L. Ed. 2d 565 (2003)*</u>) (cleaned up). An employer may be "negligent in controlling working conditions," *id.*, "if it knew or should have known about the harassment and failed to take effective action to stop it," <u>*Ocheltree v. Scollon Prods., 335 F.3d 325, 333-34 (4th Cir. 2003)*</u> (en banc). Put another way, successfully asserting a Title VII hostile work environment claim requires establishing both that the employer was, or should have been, aware of the conduct rendering the environment hostile, and that it failed to take reasonable remedial action. *See* <u>*Ocheltree, 335 F.3d at 333-34*</u>. Furthermore, "[i]n the harassment context, the reasonableness of remedial measures represents a key issue in determining liability." <u>*Moore, 2013 U.S. Dist. LEXIS 61378, 2013 WL 1833557, at *3*</u>; *see also* <u>*Pray v. N.Y.C. Ballet Co., No. 96cv5723, 1998 U.S. Dist. LEXIS 2010,*</u>

1

*1998 WL 558796, at \*2 (S.D.N.Y. Feb. 13, 1998)* ("Once an employer is made aware that its employees are being subject to sexual harassment, it is under an obligation to take reasonable steps to remedy it, and whether the employer's responsibility for remediation has been fulfilled is determined by the facts in each case.").

In her complaint, Brown asserts a claim against the Town for retaliatory hostile work environment, based largely on the conduct of another employee—William Sealock. The Town's awareness of Brown's complaints about Sealock's alleged harassment and Ms. Judkins's investigation and the conclusions drawn therefrom, are part and parcel to the reasonableness of the Town's response to Brown's hostile work environment claim.

This principle is illustrated by *Chivers v. Central Noble Community Schools, No. 1:04cv394, 2005 U.S. Dist. LEXIS 16057, 2005 WL 6567356 (N.D. Ind. Aug. 4, 2005)*. In *Chivers*, the plaintiffs, a father and daughter, brought claims against the daughter's school for discrimination and sexual harassment under Title IX. Defendant had hired an attorney to investigate plaintiffs' claims and develop remedial action. *2005 U.S. Dist. LEXIS 16057, [WL] at \*1*. Plaintiffs sought to depose the attorney who conducted the investigation, and defendants objected and filed a motion to quash, citing attorney-client and work product privileges. *Id.* The court granted the motion in part, limiting the scope of the deposition. The court discussed the testimony of the school's superintendent, noting that he acknowledged that the attorney had investigated plaintiffs' complaints and the superintendent had relied on the attorney's conclusions in determining whether the alleged conduct violated the school's policy against sexual harassment. *2005 U.S. Dist. LEXIS 16057, [WL] at \*3*. Assessing this testimony, the court found that the superintendent "essentially turned the investigation of [plaintiffs'] charges over to [the attorney], and it was counsel who assembled the facts, drew the conclusions, and constructed the remedial response." *2005 U.S. Dist. LEXIS 16057, [WL] at \*4*. Under those circumstances, to "prevent Plaintiffs from discovering what was done by counsel and why, would be tantamount to giving [defendants] both the 'sword' (i.e., the argument that 'we were reasonable because we had our attorneys investigate the charge and craft a response') and the 'shield' (i.e., 'what our attorneys did and why they did it, is privileged')." *Id.* Considering the elements of a Title IX claim for harassment, the court found that the information sought by the plaintiffs was "likely to speak directly to whether [the defendants] had actual knowledge of all the circumstances surrounding the allegations and whether their response to such allegations was 'clearly unreasonable.'" *Id.* Accordingly, the court permitted plaintiffs to depose defendants' investigating attorney, "limited to inquiring about his knowledge concerning the investigation and actions taken by [the defendant] in response to" plaintiffs' allegations. *2005 U.S. Dist. LEXIS 16057, [WL] at \*5*.

Brown's case is analogous to *Chivers*. Brown complained to the Town of Sealock's sexual harassment. According to Tederick's testimony, the Town hired Ms. Judkins to investigate Brown's complaints and to make sure the investigation was "done per the law." Tederick Dep. Tr., ECF No. 46-1, at 32. The Town relied on Ms. Judkins and the "HR department" to determine whether the investigation showed "that there

2

was sexual harassment or retaliation or a hostile work environment," *id.* at 37; *see also id.* at 35 (relying on "the HR Director, in conjunction with legal counsel, to draw the legal conclusion of whether that was harassment or not."). As in *Chivers*, the Town relied on its counsel to investigate Brown's claims of harassment, develop conclusions about the investigation, and determine the necessity of remedial actions. Ms. Judkins's communications on those points with the Town bear directly on the Town's knowledge of Brown's allegations of harassment and the reasonableness of its response. *See Pray, 1998 U.S. Dist. LEXIS 2010, 1998 WL 558796, at *2*. By relying on Ms. Judkins to assist with the investigation and advise about what remedial measures were necessary, if any, the Town has put its communications with her "at issue" in this case. *See Doe 1 v. Baylor Univ., 335 F.R.D. 476, 493-99 (W.D. Tex. 2020)* (finding defendant put attorney's communications at issue by relying on attorney to investigate complaints and recommend remedial measures). Accordingly, I find that Defendant has waived the attorney-client privilege as to communications with Ms. Judkins regarding the investigation of Brown's complaints of harassment, Ms. Judkins's conclusions about the investigation, and her advice about any remedial measures to address the alleged harassment.

V. Conclusion

For the foregoing reasons, Brown's motion to compel, ECF No. 43, is GRANTED IN PART. The Court finds that Ms. Judkins's advice regarding Brown's termination is protected by the attorney-client privilege. On the other hand, Defendant has put at issue Ms. Judkins's communications regarding the investigation of Brown's complaints of harassment and her conclusions from that investigation; thus, Defendant's assertion of the attorney-client privilege for those communications is deemed waived.

Thank you for your consideration. I remain,

Very truly yours,

TERRY N. GRIMES, ESQ.

*Terry N. Grimes*

TNG/klk
c: Justin A. Smith (*via* electronic mail only)